GEORGE W. EDWARDS COMPANY, RESPONDENT, v. EXCELSIOR DRUM WORKS, APPELLANT.

Argued July 2, 1915—Decided November 15, 1915.

When a case is tried by the District Court, without a jury, its finding on the blended law and facts cannot be reviewed upon appeal unless raised by a request to find, the denial of which may constitute a determination in point of law that is reviewable upon appeal.

On appeal from the Supreme Court.

This action was brought in the District Court and tried therein without a jury. The judgment rendered upon a mixed question of law and fact was affirmed by the Supreme Court in the following *per curiam:* "Judgment was rendered for the plaintiff in this case for the sum of $454.19 on an account for advertising, which covers a period between May 5th and October 1st, 1913. The record shows that a Mr.

Soistman was the vice-president and general manager of the defendant company. A Mr. Edwards was the sole owner and general manager of the plaintiff company. On or about May 1st, 1913, the said Soistman brought a Mr. Price to the plaintiff's place of business in Philadelphia and introduced him to said Mr. Edwards as the new sales manager for the defendant. The said Mr. Price was then and there introduced by said Mr. Edwards, in Mr. Soistman's presence, to Mr. Kreitzberg, the local manager for the plaintiff. In a few days thereafter, orders were sent from the defendant to the plaintiff, by letters and by telephone communications, and were duly acknowledged by the plaintiff. All the orders comprising the claim now disputed were given by Mr. Price. There is evidence to support the findings of the trial court. The questions in dispute are solely questions of fact. The judgment is therefore affirmed."

For the appellant, *Bergen & Richman.*

For the respondent, *Wescott & Weaver.*

The opinion of the court was delivered by

GARRISON, J. The Supreme Court affirmed the judgment of the District Court upon the ground that there was evidence to support the findings of the trial court.

The question is even narrower than this since such findings were upon the blended law and facts, and there was no request to find for the defendant the denial of which might constitute "a determination in point of law" reviewable by the Supreme Court upon appeal. This precise question has been recently passed upon by this court in the case of *Blanchard Brothers, Inc.,* v. *Beveridge,* 86 *N. J. L.* 561.

The underlying principle has also been recently restated by Mr. Justice Parker in the case of *Webster* v. *County of Hudson,* 86 *N. J. L.* 256.

The judgment of the Supreme Court is affirmed upon the ground that there was before it no question of law upon which the judgment of the District Court could be reversed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, PARKER, MINTURN, KALISCH, VREDENBURGH, WHITE, TERHUNE, HEPPENHEIMER, WILLIAMS, TAYLOR, JJ. 13.

*For reversal*—None.